**SHREVEPORT TILE CO., Inc., v. McCORD et al.**

**No. 3203.**

Court of Civil Appeals of Texas. El Paso.

May 16, 1935.

Rehearing Denied June 6, 1935.

Dorbandt & Dorbandt, of Tyler, for plaintiff in error.

Lasseter, Simpson & Spruiell, of Tyler, for defendants in error.

HIGGINS, Justice.

On January 26, 1933, plaintiff in error filed suit numbered 5333 in the county court of Smith county against the defendants in error, McCord and Carlton, to recover the sum of $340. The petition in that case alleges that McCord built a house for W. E. McKinney giving a bond with Carlton as surety, conditioned, among other things, that McCord would pay all persons for labor and material furnished in building the house; that plaintiff did the tile work on the house under a contract with McCord for the agreed price of $340. The suit was to recover said sum upon the theory that the bond enured to the benefit of all who furnished McCord with labor and materials in fulfilling his contract with McKinney to build said house.

In that suit Carlton filed a plea in abatement setting up the pendency of a suit in the district court of Smith county filed May 19, 1932, entitled H. W. McCord v. W. E. McKinney et al., which suit involves all of the funds owing by McKinney to McCord; that said suit by McCord was brought for the benefit of all creditors who furnished labor or material in building the McKinney house; that plaintiff's suit is to recover a portion of the same funds sued for in the district court case, wherefore, the plaintiff should be required to intervene in that suit and litigate its claim therein.

On June 3, 1933, said plea was sustained, and the plaintiff's suit dismissed.

On November 2, 1933, the plaintiff in error filed this suit numbered 5541; the cause of action being the same as that declared upon in the former county court suit, No. 5333.

On January 25, 1934, Carlton filed a plea in abatement setting up the same matter as was set up in his plea in abatement in cause No. 5333.

On April 16, 1934, Carlton filed another answer designated as plea in bar. In this answer he pleaded as res judicata the order of June 3, 1933, sustaining his plea in

abatement in cause No. 5333, and dismissing said suit. This and other defensive matter was pleaded in bar.

Judgment was rendered in favor of plaintiff in error against McCord for the amount sued for, and that plaintiff in error take nothing by its suit against Carlton.

Findings and conclusions were not filed by the court below, but recitals in the judgment show the court was of the opinion the order of dismissal of June 3, 1933, was res judicata of plaintiff's right to recover.

The Shreveport Tile Company, Inc., prosecutes this writ of error. The only assignment which it presents is the alleged error of the court in sustaining the plea of res judicata. In support of the assignment it is urged that an order sustaining a plea in abatement and dismissing a suit is not a final judgment upon the merits, and is therefore insufficient to support the plea of res judicata.

The statement of facts is agreed to by counsel and approved by the court. It purports to show all of the evidence given and adduced upon the trial. It consists of the plea in abatement filed in cause No. 5333, the order of June 3, 1933, sustaining the plea and dismissing the suit, the plaintiff's petition in cause No. 5333, and agreement that the petition in this suit and relief sought is the same as the petition and relief sought by plaintiff in cause No. 5333. The record shows no evidence introduced by plaintiff in support of its demand, and none excluded by the court.

The order of June 3, 1933, would be res judicata of the defendant's right to have the suit again abated if the suit in the district court was still pending and its status the same as when the order was entered. Such order simply adjudged that the county court case should be abated because of the pendency of the suit in the district court. It in nowise was an adjudication of the merits of the plaintiff's suit, and was wholly insufficient in the present case as a plea in bar upon the merits.

But in the state of the evidence, no other judgment could properly have been rendered except to deny plaintiff recovery. The trial was upon the merits. This court cannot reverse the judgment denying plaintiff recovery when it offered no evidence which would have authorized recovery. This conclusion follows upon the universal rule of appellate practice to affirm the judgment when the evidence is such that no other judgment could properly have been rendered except that which was rendered. This rule is so well settled that citation of authority in support thereof is unnecessary.

Affirmed.